UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH MICHAEL SCHNEIDER,

    Petitioner,

v.                                                  CASE NO. 6:13-cv-746-Orl-31GJK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions (Doc. No. 9). Petitioner was provided an opportunity to file a reply to the response but did not do so.

Petitioner alleges two grounds for relief. For the following reasons, the petition is denied.

I. *Procedural Background*

Petitioner was charged in case number 2007-cf-65522 with trafficking in 28 grams or more of cocaine (count one) and sale of cocaine (count two). Pursuant to a plea agreement, Petitioner entered a plea of guilty to the lesser-included offense of possession of cocaine as to count one and guilty to count two. In addition, as contemplated by the plea agreement, Petitioner entered a plea of no contest to the lesser-included offenses of burglary of a structure and battery and to criminal mischief in case number 2007-cf-48704.

The plea agreement provided a maximum concurrent sentence of ten years for the sale of cocaine conviction and five years for the burglary conviction. In accordance with the plea agreement, the trial court sentenced Petitioner to a ten-year term of imprisonment for the sale of cocaine conviction, to five-year terms of imprisonment for the possession of cocaine and burglary convictions, and to time served for the battery and criminal mischief convictions with all sentences to run concurrently. Petitioner did not appeal.

Petitioner filed a motion to corrct an illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. The trial court denied the motion. Petitioner did not appeal.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. The state court denied the motion. Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam*.

Petitioner filed a second Rule 3.850 motion. The state court denied the motion as successive. Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam*.

Petitioner filed a petition for belated direct appeal, which was granted. The Fifth District Court of Appeal subsequently affirmed Petitioner's convictions and sentences *per curiam*.

Petitioner filed a state petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel. The Fifth District Court of Appeal of Florida denied the petition.

2

II.   *Analysis*

In claim one, Petitioner asserts that the trial court denied his "counsel the opportunity to object to the introduction of impermissible testimony in the form of victim impact evidence." (Doc. No. 1 at 6.) In claim two, Petitioner contends that the trial court violated his constitutional right to due process by allowing the State to introduce victim impact evidence. *Id*. at 9.

Petitioner arguably raised these claims in his *pro se* initial brief on direct appeal. (App. 21.) However, the Fifth District Court of Appeal of Florida struck Petitioner's *pro se* brief. (App. 23.) To the extent claim one alleges a claim of ineffective assistance of counsel for failing to object to the victim impact testimony, this claim was raised in Petitioner's second Rule 3.850 motion. (App. 11.) Nevertheless, the state court denied the motion as successive and an abuse of process under Florida law. (App. 12.)

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or

3

>> (B) (i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *holding modified by Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

Procedural default will be excused in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). Finally, to show "prejudice" so as to warrant review of a procedurally defaulted claim, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, in which a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v.*

*United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

The state courts either struck Petitioner's claims or found them to be procedurally barred from review. Thus, these claims are procedurally defaulted. Petitioner has not established either cause or prejudice or actual innocence to overcome the procedural default of these claims. Consequently, Petitioner's claims are procedurally barred from review by this Court.

Alternatively, Petitioner has not demonstrated that either of his claims warrant habeas relief. "Victim impact evidence is simply another form or method of informing the sentencing authority about the specific harm caused by the crime in question, evidence of a general type long considered by sentencing authorities." *Payne v. Tennessee*, 501 U.S. 808, 824-25 (1991). Petitioner has not shown that the admission of the victim impact testimony "'so infused the trial with unfairness as to deny due process of law.'" *Colon v. Burnett*, 317 F. App'x 922, 924 (11th Cir. 2009) (quoting *Felker v. Turpin*, 83 F.3d 1303, 1311-12 (11th Cir. 1996)). The state court sentenced Petitioner in accordance with the plea agreement. Additionally, Petitioner has not shown that a

reasonable probability exists that he would not have entered the plea or received the same sentence had counsel objected to the victim impact testimony. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (To satisfy the prejudice requirement in claims arising from the entry of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). Accordingly, claims one and two are procedurally barred from review or are otherwise without merit.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

6

district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Joseph Michael Schneider is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 23rd day of February, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
Joseph Michael Schneider

Counsel of Record

Counsel of Record